IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUSTIN R. MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-3021-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Justin R. Mayes seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted and an oral argument was held on November 14, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

Plaintiff was born in 1976 and was thirty years old on the alleged disability onset date. He has a high school education. Plaintiff has past relevant work as an automobile detailer. He filed his application for disability on May 22, 2007, alleging an onset of disability on March 1, 2006. Plaintiff's application was denied, and a hearing was held on June 8, 2009, before an Administrative Law Judge (ALJ). On September 2, 2009, the ALJ issued a decision finding that

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

plaintiff has not been under disability as defined in the Social Security Act. The Appeals Council denied plaintiff's request for review.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here the ALJ found that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2012. The ALJ also determined that plaintiff did not engage

in substantial gainful activity after his alleged onset date of disability on March 1, 2006. The ALJ found that plaintiff had the following severe impairments: ulcerative colitis and depressive disorder. The ALJ found plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. The ALJ determined that plaintiff had a residual functional capacity (RFC) to perform a range of work at the medium exertional level, but with limitation to understand, remember and carry out simple tasks, exercise judgment required in simple unskilled work, and respond appropriately to the public, supervisors and coworkers. The ALJ noted that plaintiff may need to take one short unscheduled bathroom break during the workday.

Plaintiff alleges the ALJ's decision was in error because it was not supported by substantial evidence in the record as a whole. Plaintiff argues that the ALJ failed to give proper weight to the expert medical opinions of treating and examining medical sources, and instead, relied on his own lay opinion, and that the ALJ's RFC determination was flawed.

At the hearing, the plaintiff incorporated the allegations in his brief, and argued that the ALJ had a duty to further develop the record.

The Commissioner argues there is substantial evidence in the record to support the ALJ's decision. The Commissioner argues that the ALJ properly weighed the medical evidence in this case, and had a proper basis for discounting plaintiff's credibility. The Commissioner argues there was no duty to further develop the record in this case. Based on the record as a whole, the Commissioner argues the ALJ properly determined plaintiff had the RFC to perform his past relevant work and was not disabled within the meaning of the Social Security Act.

Upon review, this Court finds that the ALJ did not err in his weighing of the medical opinions in this case. While treating physicians' opinions are typically given controlling weight, plaintiff's medical source statements were not from treating physicians, but were from plaintiff's treating nurse practitioner, Crystal Webb, FNP, and consultative examining psychologist, Barbara Wachtel-Nash, Psy.D. The controlling weight afforded to a treating source medical

opinion is reserved for the medical opinions of the claimant's own physician, psychologist and other acceptable medical sources. Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006). The medical source opinion of a consulting psychologist, while important, is not entitled to the controlling weight typically given to treating physicians. Clark v. Apfel, 141 F.3d 1253 (8th Cir. 1998). A nurse practitioner's opinion is not an "acceptable medical source," but rather, is considered an "other" medical opinion that the ALJ is to consider. See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003). Accordingly, here, the ALJ properly accorded some weight to the opinions of plaintiff's treating nurse practitioner, Ms. Webb, and consultative examining psychologist, Dr. Wachtel-Nash, but did not give their opinions controlling weight. In determining the proper weight to be given to these opinions, the ALJ noted that Dr. Wachtel-Nash evaluated plaintiff on only one occasion, September 1, 2007. The ALJ also properly considered that Dr. Wachtel-Nash authored two medical source statements which differed significantly in the limitations opined. As for the opinions of plaintiff's treating nurse practitioner, the ALJ properly points to the lack of clinical findings or objective medical evidence to support the level of limitation opined. The ALJ properly considered the evidence showing that the opinions of Nurse Practitioner Webb were inconsistent with her own treatment notes. While giving the opinions of Nurse Practitioner Webb and Dr. Wachtel-Nash some weight, the ALJ properly discounted these opinions to the extent they were inconsistent with the objective medical evidence in the record. The ALJ properly included the limitations opined by Dr. Wachtel-Nash and Nurse Practitioner Webb to the extent they were supported by objective medical findings. The Court further notes that the ALJ's RFC is generally consistent with the 2009 consultative psychological evaluation of plaintiff by Sharol McGehee, Psy.D., which plaintiff submitted to the Appeals Council for consideration. There is substantial evidence in the record to support that the ALJ properly weighed the medical opinions and evidence in the record.

      This Court also finds that the ALJ did not err in determining plaintiff's RFC. The RFC involves consideration of plaintiff's medical records, as well as other relevant evidence in the record as a whole. See Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) ("ALJ must assess a claimant's RFC based on all relevant credible evidence in the record."). As set forth above, this Court finds that the ALJ properly weighed the medical evidence in the record. The ALJ also

properly considered the evidence in the record as a whole in determining plaintiff's RFC.  See McMillian at 221 (discussing evidence to be considered).  This includes the ALJ's review of evidence in consideration of plaintiff's credibility.  The ALJ properly discussed the reasons for determining that plaintiff's complaints as to the severity of his impairments weren't entirely credible.  See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) (considerations in determining credibility).  See also Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court).  The ALJ cited to evidence in the record, including plaintiff's daily activities, which were inconsistent with his assertion of disability.  The ALJ also cited to evidence in the record showing a very sporadic treatment history for plaintiff's physical impairments, and no history of mental health treatment.  The ALJ properly considered the inconsistencies between plaintiff's subjective allegations and the evidence as a whole.  See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (credibility determination to be affirmed where ALJ articulated inconsistencies supported in the record that undermined claimant's subjective complaints).  Additionally, the ALJ properly considered plaintiff's ability to work part-time during his alleged period of disability, including up to eight hours per day.  Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.  Johnson v. Apfel, 240 F.3d 1145, 1148-49 (8th Cir. 2001).  If a claimant has worked, the Commissioner should take this into consideration when determining if the claimant is able to engage in substantial gainful activity.  20 C.F.R. § 404.1574(a).  "Working generally demonstrates an ability to perform a substantial gainful activity."  Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005).  This Court finds substantial evidence in the record to support the ALJ's RFC determination for the plaintiff.

Finally, there is no evidence to support that the ALJ failed to properly develop the record.  The regulations state that plaintiff is responsible for providing medical evidence to show he is disabled.  See 20 C.F.R. §§ 404.1512 and 416.912.  The ALJ is required to order further medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.  See Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994); 20 C.F.R. §§ 404.1519a(b) and 416.919a(b).  Here, the record already

contains two psychological consultative examinations, one which was completed following the ALJ's decision and considered by the Appeals Council. The record also contains Nurse Practitioner Webb's medical source statement, as well as treatment notes and diagnostic tests regarding plaintiff's colitis. The ALJ makes no reference to an incomplete or insufficiently developed record, but rather, simply finds that the evidence of record does not support plaintiff's claims. This case does not present circumstances supporting a remand for further consultive examinations or further development of the record.

## Conclusion

The ALJ did not err in determining plaintiff was not disabled as defined by the Social Security Act. There is substantial evidence in the record to support the decision of the ALJ.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 21st day of December, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge